UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| DOUGLAS MAURICE ROGERS, | ) | |
| aka Abdullah Seifuddin Shabazz | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-139 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| R. THIBAULT et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**<u>OPINION</u>**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.      Factual Allegations

Plaintiff currently is incarcerated in the Muskegon Correctional Facility (MCF).  In his pro se complaint, he sues the following MCF employees: Deputy Warden of Programs R. Thibault, Grievance Coordinator Matt Brevard, Deputy Warden Terry Bradford and Warden John Cason.

On July 16, 2004, prisoner Alcala asked Plaintiff if he would assist him in defending against and, if necessary, appealing, a major misconduct ticket that Alcala received the previous day. Plaintiff prepared a Legal Assistance Request and Agreement and submitted it on July 16.  Four days later, prisoner Alcala was found guilty of the major misconduct offenses of sexual misconduct and unauthorized occupation of a cell or room.  Prisoner Alcala was subsequently transferred to another institution on July 28, 2004.  On August 2, 2004, Defendant Thibault disapproved Petitioner's legal agreement with Alcala on the ground that Plaintiff and Alcala did not reside at the same institution.

Plaintiff contends that MCF prison officials purposefully transferred Alcala before making a decision on a legal assistance request for the purpose of denying Alcala's right of access to the courts.  Plaintiff further claims that the decision disapproving the legal agreement also violated the guidelines set forth in Director's Office Memorandum (DOM) 2004-6, which provides in part:

> As previously indicated in DOM 2003-1, staff shall not consider whether a party to a legal assistant request has a pending transfer or whether the party from whom legal assistance is sought is also providing assistance to other prisoners pursuant to an approved legal assistant agreement in determining when to approve a request to enter into a legal assistance agreement.  In addition, a request to renew a legal assistance agreement is not to be denied because the parties are no longer housed at the same facility.  Prisoners are still required to be housed in the same facility at the time the initial request for legal assistance is made unless the parties are co-defendants in a criminal case or co-plaintiffs in a lawsuit.

- 2 -

\*\*\*

> A new requirement resulting from the settlement agreement in Cain v MDOC is that all requests to enter into a legal agreement, including a request to renew a legal assistance agreement, must be approved or denied within ten business days after receipt by the staff person authorized to make those determinations.

Plaintiff claims that he and Alcala were at the same facility at the time the initial request for legal assistance was made, and, thus, the request should not have been denied based upon Alcala's subsequent transfer. In addition, Plaintiff asserts that Defendant Thibault failed to make a decision within the ten-day period before disapproving the legal assistance request.

Plaintiff filed a grievance (MCF-04-08-00530-27B) against Thibault on August 10, 2004, concerning her denial of the legal assistance agreement. The Step I grievance coordinator, Matt Brevard, rejected the grievance as non-grievable because "a grievant may not grieve the content of a policy or procedure." The rejection was upheld at Step II by Warden Cason. The Step III respondent found no violation of policy. On September 12, 2004, Plaintiff wrote another grievance (MCF-04-09-00627-28A) against Defendants Brevard and Cason, claiming that they had improperly handled his previous grievance, thus interfering with his right to exhaust his administrative remedies. Defendant Brevard rejected the grievance as duplicative of MCF-04-08-00530-27B.

On January 20, 2005, Plaintiff received a memorandum from Warden Cason indicating that he was being placed on modified grievance access upon the recommendation of Defendants Brevard and Bradford. Under Michigan Department of Corrections policy, a prisoner is placed on modified access for filing "an excessive number of grievances which are frivolous, vague, duplicative, non-meritorious, raise non-grievable issues, or contain prohibited language. . .or [are] unfounded . . . ." MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ II. (effective April 28,

2003).  The Warden's memo stated that Plaintiff had filed three rejected grievances in the previous

five months.  In addition to the two above referenced grievances, Plaintiff had filed a third grievance

in January 2005 raising claims concerning the prison's failure to place him in a tobacco-free housing

unit. The modified access period is ninety days and may be extended an additional thirty days for

each time the prisoner continues to file a prohibited type of grievance.  *Id.*  While on modified

access, the prisoner only can obtain grievance forms through the Step I coordinator, who determines

whether the issue is grievable and otherwise meets the criteria under the grievance policy. *Id.*, ¶ LL.

Plaintiff disputes his placement on modified access and argues at length that his

placement on modified access violated his First Amendment right of access to the courts and to

petition the government for redress of his grievances.  He contends that the provisions of the

grievance policy which prohibit prisoners from grieving the content of a policy and allow for

placement on modified access for grieving the content of a policy are unconstitutional.  In addition,

Plaintiff claims that he was placed on modified access in retaliation for exercising his First

Amendment right to file grievances.

Plaintiff seeks declaratory relief and monetary damages.

II.     Failure to State a Claim

 A complaint fails to state a claim upon which relief can be granted when it is clear

that no relief could be granted under any set of facts that could be proved consistent with the

allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993).  To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal

Constitution or laws and must show that the deprivation was committed by a person acting under

color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d

810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.   Denial of Legal Assistance Agreement

Plaintiff claims that Defendant Thibault disapproved Petitioner's legal agreement with prisoner Alcala in violation of Alcala's right of access to the courts.   While Plaintiff asserts a violation of Alcala's First Amendment rights, he does not allege how the denial of the legal assistance agreement infringed upon his constitutional rights.  Plaintiff lacks standing to assert the rights of other prisoners.  *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Carlson v. Bates*, No. 01-2468, 2002 WL 818144, at *1 (6th Cir. April 29, 2002); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *1 (6th Cir. Aug. 6, 1992).  In the absence of any injury to Plaintiff resulting from Defendant Thibault's decision disapproving the legal assistance agreement, Plaintiff fails to state a claim.

### B.   Grievance Process/Modified Access

Plaintiff contends that his placement on modified access violated his First Amendment right of access to the courts and to petition the government for redress of his grievances. He further claims that he was placed on modified access in retaliation for exercising his First Amendment right to file grievances.    The Sixth Circuit has repeatedly held in unpublished decisions that there is no inherent constitutional right to an effective prison grievance procedure.  *See Carpenter v. Wilkinson*, No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000) *(citing Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) and *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)); *Miller v. Haines*, No. 97-3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998); *Saylor v.*

*O'Dea*, No. 96-6685, 1997 WL 693065, at *2 (6th Cir. Oct. 31, 1997); *Wilcox v. Johnson*, No. 95-1754, 1996 WL 253868, at *1 (6th Cir. May 13, 1996); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. March 28, 1994); *McGee v. Grant*, No. 88-1842, 1988 WL 131414, at *1 (6th Cir. Dec. 9, 1988); *Mahammad v. Serett*, No. 88-5396, 1988 WL 113996, at *1 (6th Cir. Oct. 24, 1988). Michigan law does not create a liberty interest in the grievance procedure. *See Wilcox*, 1996 WL 253868, at *1; *Wynn*, 1994 WL 105907, at *1. Because Plaintiff has no right to an administrative grievance process, he fails to state a claim under the Due Process Clause.

Furthermore, modified access does not deny a Michigan prisoner the ability to seek redress for meritorious grievances. *See Kennedy v. Tallio*, No. 01-1386, 2001 WL 1176400, at *1 (6th Cir. Sept. 26, 2001); *Corsetti v. McGinnis*, No. 00-1409, 2001 WL 1298830, at *2 (6th Cir. Aug. 7, 2001). While on modified access, a prisoner is not barred from filing grievances; rather, a prisoner is merely required to obtain permission from the grievance coordinator before filing a non-frivolous grievance that otherwise conforms to the requirements of the grievance policy. *Id. (citing Hartsfield v. Mayer*, No. 95-1411, 1996 WL 43541, at *2 (6th Cir. Feb. 1, 1996)). Accordingly, Plaintiff's claim that his placement on modified access violated his First amendment right to seek redress of grievances is without merit.

Plaintiff's claim that placement on modified access violated his First Amendment right of access to the courts is likewise without merit. Pursuant to 42 U.S.C. § 1997e(a) a prisoner is required to exhaust available administrative remedies. If the grievance coordinator denies the request of a prisoner on modified access for a grievance form, the prisoner has exhausted his "available administrative remedies." *See Kennedy*, 2001 WL 1176400, at *2. Because Plaintiff's

- 6 -

placement on modified access cannot prevent him from filing an action in federal court, he fails to state a claim arising from his right of access to the courts.

Plaintiff also contends that Defendants placed him on modified access in retaliation for his filing of meritorious grievances. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Id.* at 394. Plaintiff satisfied the first prong because the filing of a prison grievance is constitutionally-protected conduct for which a prisoner cannot be retaliated against. *See Bell v. Johnson*, 308 F.3d 594 (6th Cir. October 17, 2002)*; Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Plaintiff, however, cannot satisfy the second requirement because placement on modified access would not deter a person of ordinary firmness from filing grievances or bringing a civil rights action in federal court. *See Kennedy*, 2001 WL 1176400, at *2; *Corsetti*, 2001 WL 1298830, at *2. As discussed above, placement on modified access does not prevent Plaintiff from attempting to file grievances or from filing non-frivolous grievances with the approval of the grievance coordinator. *See Walker v. Michigan Dep't of Corr.*, No. 04-1347, 2005 WL 742743, at *3-4 (6th Cir. April 1, 2005) ("Here, an ordinary person of reasonable firmness would not be deterred from filing legitimate grievances by a policy that merely provided that a grievance officer would screen frivolous grievances."). Similarly, Plaintiff's modified access status does not prevent him from filing an action in federal court. Therefore, Plaintiff fails to state a claim for retaliation.

**<u>Conclusion</u>**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  June 8, 2005                                   <u>        /s/ Gordon J. Quist        </u>
                                                         GORDON J. QUIST
                                                         UNITED STATES DISTRICT JUDGE